IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 2:12-CR-55
JUDGE GREGORY L. FROST

v.

SONTAY T. SMOTHERMAN,

      Defendant.

## ORDER

This matter came on for consideration upon Defendant's Motion *in Limine* Regarding Evidence of Conspiracy (ECF No. 178) filed on January 3, 2013 and upon the Government's Response (ECF No. 180) filed on January 6, 2013.  For the reasons that follow, the Court finds Defendant's Motion *in Limine* to be not well taken and the Court **DENIES** the same.

Defendant's Motion involves two houses, one time frame, and one conspiracy. Defendant has been charged with participating in an illegal conspiracy to possess with intent to distribute heroin.  The named co-conspirators consist of Defendant, Brian Johnson, and Waymon Price.  The Superseding Indictment alleges that between September 18, 2011 and November 30, 2011 the co-defendants conspired to possess with the intent to distribute 100 grams or more of heroin.  The time frame at issue is approximately 2 ½ months.  The houses involved in this inquiry allegedly involve the residence at 401 Taylor Avenue, Columbus, Ohio and the residence at 823 West Rich Street, Columbus, Ohio.

The co-defendants were apparently under investigation at least beginning on September 19, 2011.  A search warrant was executed on 401 Taylor Avenue residence on October 25, 2011 and at that time Defendant was arrested.  At or about the time of the arrest of Defendant, the

officers identified the property at 823 West Rich Street as an alleged "stash" house from which Arnett Smotherman, a relative of Defendant, Bryan Johnson, and Waymon Price were distributing the heroin. After surveillance of the 823 West Rich Street residence, a search warrant was executed on that property on November 30, 2011 and at that time Arnett Smotherman and Bryan Johnson were arrested. Evidence of alleged heroin distribution was found at both properties.

Defendant, without the assistance of much legal authority, argues that the Court should exclude testimony regarding the 823 West Rich Street property. Defendant maintains that evidence regarding the 823 West Rich Street residence is irrelevant citing to Fed. R. Evid. 402 and, if found to be relevant, the evidence is unfairly prejudicial and confusing citing to Fed. R. Evid. 403. Glaringly absent is any reference to case law that supports Defendant's argument.

Defendant's position can be summarized as follows: (1) Defendant is alleged to have committed crimes at the 401 Taylor Avenue address and had nothing to do with the property located at 823 West Rich Street; and (2) since Defendant was arrested on October 25, 2011 and because the officers did not identify the 823 West Rich Street property until the date of Defendant's arrest or thereafter, Defendant had withdrawn from any alleged conspiracy by that time. Defendant is, of course, incorrect on both theories.

The Government's Response fills in the gaps left by Defendant's Motion. The Government expects the evidence to establish during the approximate time frame charged Defendant, while operating and distributing heroin out of the 401 Taylor Avenue residence, was supplied the heroin on multiple occasions from the 823 West Rich Street property and on multiple occasions Defendant made payments to co-conspirators living at and illegally distributing heroin from the 823 West Rich Street residence.

Based upon that theory of criminal activity and assuming that the Government has evidence to support that theory, Defendant's Motion to exclude evidence relating to 832 West Rich Street is not well taken. It is axiomatic that:

> "A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense…. If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators." *Salinas v. United States*, 522 U.S. 52, 63-64 (6th Cir. 1997) (internal citations and quotations omitted).

And, as were cited by the Government, both the Sixth Circuit Court of Appeals and the United States Supreme Court have held, in defining the parameters of conspiratorial liability, that

> "[I]t is well established that each coconspirator need not be involved in every aspect of a conspiracy, so long as each is a party to the general conspiratorial agreement. Furthermore, once the agreement is in place, the coconspirators are liable for the acts of their coconspirators when such acts are in furtherance of the overall objective."
>
> *United States v. Amawi*, 695 F. 3d 457, 499 (6th Cir. 2012)(J. Moore concurring)(citing *Pinkerton v. United States*, 328 U.S. 640, 646 (1946)(internal citations and quotation marks omitted)).

The fact that Defendant did not visit the 823 West Rich Street property is of little consequence regarding the admissibility of evidence. It may be an argument Defendant wishes to make to the jury but evidence of activity at 823 West Rich Street is relevant to the allegations of the conspiracy and is not prejudicial or confusing.

Defendant's second argument is simply not the proper subject of a motion *in limine*. Rather, the argument concerning Defendant's alleged withdrawal from the conspiracy is an affirmative defense which must be proved by Defendant at trial. *United States v. Cox*, 565 F. 3d 1013 (6th Cir. 2009) and *United States v. Lash*, 937 F.2d 1077 (6th Cir. 1991). While on this subject however, it should be noted that the arrest of Defendant, with nothing more, is not

evidence of withdrawal from the conspiracy and without more Defendant is unlikely to receive a jury instruction on withdrawal at trial.  *See, United States v. Robinson*, 390 F.3d 853 (6th Cir. 2004).

The Motion *in Limine* Regarding Evidence of Conspiracy (ECF No. 178) is overruled and the same is **DENIED.**

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE