IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SONTAY T. SMOTHERMAN,

               Petitioner,                         **Civ. No. 2:14-cv-972**
                                              **Crim. No. 2:12-cr-055(3)**
    **v.**                                       **Judge Frost**
                                              **Magistrate Judge King**

UNITED STATES OF AMERICA,

               Respondent.

ORDER and
REPORT AND RECOMMENDATION

       Petitioner, a federal prisoner, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter is before the Court on the *Motion to Vacate*, ECF 279; Respondent's *Answer in Opposition*, ECF 272; Petitioner's *Traverse,* ECF 273; Petitioner's *Motion for Summary Judgment*, ECF 276; Petitioner's *Motion for Relief from Judgment*, ECF 280; and *Petitioner's Motion for Discovery*, ECF 281.  For the reasons that follow, Petitioner's *Motion for Discovery,* ECF 281, is **DENIED** and it is **RECOMMENDED** that Petitioner's *Motion for Summary Judgment* and *Motion for Relief from Judgment*, ECF 276, 280, be **DENIED** and that the *Motion to Vacate*, ECF 270, be **DISMISSED**.

**Facts and Procedural History**

       This case arises in connection with Petitioner's convictions, following a jury trial, for possession of heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and conspiracy to distribute more than 100 grams of heroin.  The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of the case as follows:

Smotherman's charges stem from the Columbus Police Department's investigation of a suspected narcotics-trafficking residence at 401 Taylor Avenue in fall 2011. After observing known heroin users frequent the residence, police obtained a warrant and searched the house. They found Smotherman in the garage near a pile of cash and a box containing two handguns, drug paraphernalia in a bedroom, 800 individual packets of heroin (approximately 25 grams) in the kitchen microwave, and more than $6,000 in a car behind the house. A second superseding indictment charged Smotherman with possessing heroin with the intent to distribute in violation of 21 U.S.C. § 841; possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c); and conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846.

Prior to trial, Smotherman unsuccessfully moved to suppress evidence obtained from a different drug house, 823 West Rich Street, and to compel the disclosure of a confidential informant. At the close of evidence, the district court denied Smotherman's motion for a judgment of acquittal, and the jury convicted Smotherman of the above charges. At sentencing, Smotherman renewed his objection to the drugs found at 823 West Rich Street, but the district court included them as part of the larger drug-trafficking conspiracy, sentencing Smotherman to consecutive 60–month terms for the firearm and drug-possession charges - both statutory minimums - for a combined sentence of 120 months. *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(B)(i).

*United States v. Smotherman,* 564 Fed.Appx. 209, 211 (6th Cir. 2014); *see Exhibit A* to *Response in Opposition*, ECF 272-1, PageID#1553-55.  On April 24, 2014, the United States Court of Appeals for the Sixth Circuit affirmed this Court's *Judgment. Id.*  On June 23, 2014, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari. Smotherman v. United States*, 134 S.Ct. 2863 (2014).

On July 23, 2014, Petitioner filed the *pro se Motion to Vacate*, alleging that the Court erred when it attributed to him drugs recovered from a West Rich Street address, thus resulting in an improper calculation of the recommended sentence under the United States Sentencing Guidelines (claim one); that the government improperly failed to disclose the identity of the

confidential informant (claim two); that the Court improperly admitted evidence regarding his involvement in a conspiracy to distribute heroin (claim three); and that the Court improperly denied his motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure because the evidence is constitutionally insufficient to sustain his convictions (claims four and five). Respondent contends that Petitioner's claims are not properly addressed in these proceedings because they were either addressed by the Sixth Circuit on appeal or have been waived.

**Motion for Discovery**

Petitioner has filed a *Motion for Discovery* in which he requests the production of various documents and material intended for use or used by the government at trial, or otherwise in the possession of the Respondent.  A habeas corpus petitioner has no absolute right to discovery. *Bracy v. Gramley*, 520 U.S. 899 (1997); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Under the provisions of Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, a petitioner is "entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise." Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [.]"  *Harris v. Nelson*, 394 U.S. 286, 299 (1969); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). When a petitioner fails to make "a fact specific showing of good cause under Rule 6," a court will deny the discovery requests as a mere fishing expedition. *Stanford v. Parker; Williams v. Bagley.*  Rule 7 of the Rules Governing Section 2254 Cases further limits

discovery and allows only the "addition of records which are relevant to the merits of a habeas corpus petition."

As noted *supra*, Respondent argues that none of Petitioner's claims may properly be addressed in these habeas corpus proceedings because they were either addressed by the Sixth Circuit on appeal or have been waived.  The documents requested by Petitioner will not assist him in the resolution of these issues.  Petitioner's *Motion for Discovery* is therefore without merit.

**Claims Addressed by United States Court of Appeals**

Respondent argues that Petitioner's claims were resolved on appeal by the Sixth Circuit and cannot be revisited in these proceedings. This Court agrees.

Three of Petitioner's claims relate, at least in part, to evidence of drug trafficking activity at 823 West Rich Street. Noting that he was found at 401 Taylor Avenue, Petitioner contends that none of the evidence found at the West Rich Street address was properly considered in the case against him. Specifically, Petitioner contends in claim one that the Court improperly attributed to him drugs recovered from the West Rich Street address, thus resulting in an improper calculation of the recommended sentence under the United States Sentencing Guidelines. In claim three, Petitioner contends that the Court improperly admitted evidence relating to or seized from the West Rich Street address. In claim five, Petitioner contends that the Court should have granted his motion for judgment of acquittal at the close of the government's case. The United States Court of Appeals for the Sixth Circuit addressed the issues presented by these claims as follows:

> We review Smotherman's sufficiency-of-the-evidence challenges under the *Jackson* standard, affirming so long as the evidence, viewed in the light most favorable to the government, permits a rational juror to find the crime's essential elements beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Ramirez*, 635 F.3d 249, 255 (6th Cir. 2011). The evidence here supported each conviction.

Beginning with the drug-trafficking convictions, Smotherman claims that the government proved neither his participation in a heroin-distribution conspiracy nor his possession of heroin. He specifically denies having anything to do with 823 West Rich Street. But coconspirator testimony established the following key facts: (1) Smotherman and his cousin agreed to sell heroin at 401 Taylor Avenue; (2) Waymon Price supplied the heroin from his stash house at 823 West Rich Street; (3) Price's driver, Bryan Johnson, made frequent visits—almost "every other day"—to 401 Taylor Avenue for heroin deliveries and cash pickups involving Smotherman; and (4) Johnson observed Smotherman selling heroin to customers. (R. 259, Trial Tr. (Johnson) at 74–75, 104–11, 122–23; id. (Arnett Smotherman) at 164–71.) In all, Johnson made 15 to 25 trips to 401 Taylor Avenue between September and October 2011, supplying an estimated 100–200 grams of heroin. ( See id. (Johnson) at 105–111, 123.) The evidence thus demonstrates more than a mere buyer-seller relationship; multiple parties agreed to distribute heroin out of 401 Taylor Avenue, and Smotherman actively participated in the conspiracy. *See United States v. Deitz*, 577 F.3d 672, 680–81 (6th Cir. 2009) (explaining that frequent, similar drug transactions can establish a larger drug-distribution conspiracy). It matters not whether Smotherman knew about the 823 West Rich Street supply chain. *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir.2001) ("While an agreement must be shown beyond a reasonable doubt, the connection between the defendant and the conspiracy need only be slight, and the government is only required to prove that the defendant was a party to the general conspiratorial agreement.").

The same evidence supports the possession count. Though police found three other people in the house, coconspirators' accounts of Smotherman's frequent drug transactions at 401 Taylor Avenue sufficed to establish both constructive possession of the heroin found in the kitchen microwave and intent to distribute. *See United States v. Newsom*, 452 F.3d 593, 608–09 (6th Cir.2006) (explaining that "constructive possession . . . exists when a person . . . knowingly has the power and the intention at a given time to exercise dominion and control over an object," and "may be proven by either direct or circumstantial evidence"). The fact that Smotherman's coconspirators pleaded guilty does not undermine the legal significance of their testimony, especially in light of the corroborating physical evidence. *See, e.g., United States v. Cruz,*

270 Fed.Appx. 393, 395–96 (6th Cir. 2008) (*per curiam*) (explaining that even uncorroborated accomplice testimony can support a conviction).

.   .   .

B. Admissibility of 823 West Rich Street Evidence

Smotherman next faults the district court for allowing evidence of the heroin distribution occurring at 823 West Rich Street, reiterating that he had nothing to do with that location. We find no abuse of discretion. *See United States v. Lopez–Medina*, 461 F.3d 724, 741 (6th Cir. 2006).

Again, the government needed to establish the existence of a drug-trafficking conspiracy, not just a buyer-seller relationship. It did this by presenting evidence of a distribution agreement between the heroin supplier at 823 West Rich Street and the downstream sellers at 401 Taylor Avenue—as noted above, Johnson's frequent heroin and cash runs, delivering heroin from Price to Smotherman and returning with money. Moreover, Smotherman's cousin, with whom he agreed to sell drugs, packaged heroin at both locations. (R. 259, Trial Tr. (Arnett Smotherman) at 171–73.) Thus, whether or not Smotherman knew of the activities at 823 West Rich Street, the evidence concerning the stash house was relevant to - and highly probative of - the conspiracy charge. *See* Fed.R.Evid. 401(a) ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence."); *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir.2009) (noting Rule 401's "extremely liberal" relevance standard); *see also United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988) (acknowledging the chain-like design of many drug conspiracies, and concluding that "[i]t is not necessary to prove that the defendant was aware of each act of his coconspirators in furtherance of the conspiracy"). Given his frequent dealings with the residents of 823 West Rich Street, we discern no risk of unfair prejudice to Smotherman from the admission of this evidence, let alone one substantially outweighing its probative value. *See* Fed.R.Evid. 403.

.   .   .

D. Sentencing: Drug–Quantity Determination

Last, Smotherman assigns clear error to the district court's drug-quantity calculation at sentencing, asserting that it improperly

> included drugs from the stash house in determining that his crimes involved more than 100 grams of heroin. The jury's verdict forecloses this argument, in that it found Smotherman guilty of participating in a drug-trafficking conspiracy involving 100 grams or more of heroin. Johnson's estimated total deliveries to 401 Taylor Avenue supported this conclusion. The district court therefore "c[ould not] ignore the jury's findings as to drug quantity." *United States v. Ricketts*, 317 F.3d 540, 545 (6th Cir.2003). Because the jury's finding necessitated the 60–month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(i), we reject Smotherman's drug-quantity argument. *See United States. v. Garner,* 491 F.3d 532, 536–37 (6th Cir. 2007) (concluding that the jury's drug-quantity determination, and not the district court's calculation, triggered the statutory minimum sentence).

*United States v. Smotherman*, 564 Fed.Appx. at 211-214.

In claim four, Petitioner contends that the evidence was constitutionally insufficient to prove his possession of a firearm in furtherance of a drug trafficking crime. The Court of Appeals addressed this issue on direct appeal:

> Turning to the firearm conviction, Smotherman emphasizes the lack of physical evidence directly linking him to the boxed handguns found at 401 Taylor Avenue, as well as the fact that he could legally possess firearms prior to his conviction. But he concedes that Johnson testified that he carried or wore a gun on his person during drug transactions. (R. 259, Trial Tr. (Johnson) at 106–10.) And the government points to other coconspirator testimony corroborating this fact. (*Id.*) (Arnett Smotherman) at 176.) Ample evidence thus supported the jury's conclusion that he used a firearm to "promote or facilitate" a drug-trafficking crime, as necessary for conviction under 18 U.S.C. § 924(c). *See* United *States v. Mackey*, 265 F.3d 457, 461 (6th Cir.2001).

*Id.*

In claim two, Petitioner contends that he was improperly denied the disclosure of the identity of the confidential informant involved in the case against him. The Court of Appeals addressed this claim as follows:

C. Undisclosed Confidential Informant

Next, Smotherman claims that the district court abused its discretion in denying disclosure of a confidential informant he believes "provide[d] the basis for the case against [him]." Yet, other than his speculation that the informant participated in drug transactions and "may disclose entrapment or other issues," Smotherman fails to demonstrate the importance of the confidential informant to either the government's trial strategy or his defense.

Courts will order the disclosure of a confidential informant only upon a showing that it "is essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). Because "[m]ere conjecture or supposition" will not do, *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)), the district court properly denied Smotherman's motion.

*Id.*

It therefore appears that the Sixth Circuit addressed, and rejected, the merits of all the claims presented in the *Motion to Vacate*. District courts will not ordinarily consider in proceedings under § 2255 claims previously considered by the United States Court of Appeals. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) ("Absent exceptional circumstances, not present in these proceedings,"[a] § 2255 motion may not be used to relitigate an issue that was raised on [direct] appeal.")  No exceptional circumstances justify reconsideration by this Court of Petitioner's claims in these proceedings.

In light of the foregoing, Petitioner's *Motion for Summary Judgment* and *Motion for Relief from Judgment* are without merit.

**WHEREUPON** Petitioner's *Motion for Discovery*, ECF 281, is **DENIED**. It is **RECOMMENDED** that Petitioner's *Motion for Summary Judgment*, ECF 276, and *Motion for*

8

*Relief from Judgment,* ECF 280, be **DENIED,** and that the *Motion to Vacate*, ECF 270, and this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
April 24, 2015